UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDIE JO JONES,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. CV 17-1789 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her application for a period of disability and Disability Insurance benefits ("DIB"). Plaintiff and defendant consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties have filed cross motions for summary judgment. The Court has reviewed the administrative record (the "AR") and the cross motions. For the reasons stated below, the decision of the Commissioner is affirmed.

**PRIOR PROCEEDINGS**

Plaintiff filed for a period of disability and DIB in March 2009, alleging an onset of disability date of November 20, 2005. After a lengthy procedural history (including a voluntary remand from this Court of the original decision in 2013, an Appeals Council remand of a subsequent decision in 2014, and a denial of review by the Appeals Council

1

of a third decision in the matter in 2016), plaintiff commenced this action on March 6, 2017.

## CONTENTIONS

Plaintiff raises two contentions in this action:

1. Whether the ALJ properly determined that, despite her physical limitations, plaintiff was capable of sedentary work; and

2. Whether the ALJ properly determined that, despite a mental limitation, plaintiff was capable of unskilled work.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

If the evidence in the record can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)). However, even if substantial evidence exists to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

/ / /

/ / /

/ / /

# DISCUSSION

A.  Physical Limitations.

The Administrative Law Judge ("ALJ") determined that plaintiff was not disabled as of her date last insured ("DLI") of March 31, 2006. After the ALJ reviewed the medical evidence in some detail, she accepted Dr. Rack's testimony that although plaintiff's multiple sclerosis (first diagnosed in 2011) was disabling since 2012, there is no evidence of neurological concerns as of the DLI. The ALJ noted that Dr. Rack did not assess plaintiff's claims of chronic pain and fibromyalgia.

The ALJ's analysis of the pain and fibromyalgia complaints is less clear. Essentially, the ALJ reviewed all the medical evidence and found no medical opinion from before the DLI regarding limitations from pain or fibromyalgia. The symptoms were mentioned in some treating records and in plaintiff's testimony. However, the ALJ discounted plaintiff's testimony (which action is uncontested by plaintiff) and rejected the opinions of doctors who, several years after the DLI, opined that plaintiff would not have been able to work prior to the DLI. The ALJ also rejected testimony of consulting physicians who opined that plaintiff suffered little to no limitations prior to the DLI. The ALJ then crafted a residual functional capacity that was similar to, but more restrictive than, that opined by the consulting physicians but less restrictive than that opined by plaintiff's physicians who treated her years after the DLI. Thus, the ALJ seemingly rejected at least a portion of every opinion on the limitations (or lack thereof) occasioned by pain and fibromyalgia.

To the extent the ALJ committed error by rejecting every opinion, the error was harmless. The ALJ was entitled to reject the treating physicians' opinions because they were contradicted by the medical record (as testified to by the consulting physicians). The ALJ provided a clear and specific reason for rejecting the treating physicians' opinions, i.e., these physicians first treated plaintiff years after her DLI and the medical record did not support their conclusions as to the alleged longevity of plaintiff's condition.

Therefore, remand is not required with respect to this issue.

B. <u>Mental Limitations</u>

The ALJ found that, prior to the DLI, plaintiff suffered from the severe impairment of, among other things, depressive disorder. In evaluating whether plaintiff satisfied a listing, the ALJ found that plaintiff had mild mentally based restrictions in activities of daily living; mild difficulties in maintaining social functioning; and moderate difficulties maintaining concentration, persistence, or pace. (AR 703.) The ALJ reviewed the medical record with respect to plaintiff's mental impairment and concluded that a limitation to "unskilled work (such as requiring simple and repetitive tasks")" would accommodate plaintiff's condition. (AR 707.) The ALJ also referred to the Code of Federal Regulations § 404.1568, which defines "unskilled work" as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."

Plaintiff complains that the limitation to unskilled work does not capture the full restrictions occasioned by "moderate difficulties maintaining concentration, persistence, or pace." However, an ability to perform simple, repetitive tasks is consistent with having moderate difficulties maintaining concentration, persistence, or pace. *See, e.g., Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174-76 (Ninth Cir. 2008).

The consulting physicians who reviewed the medical records both concluded that plaintiff's depression before her DLI occasioned no functional limitations. Although the ALJ nonetheless found moderate difficulties in maintaining concentration, persistence, or pace, he fashioned a residual functional capacity that took that condition into consideration.

Therefore, remand is not appropriate with respect to this issue.

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the judgment of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: December 29, 2017

                                         /S/ FREDERICK F. MUMM
                                            FREDERICK F. MUMM
                                         United States Magistrate Judge